**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**
**CIVIL ACTION NO. _____**

**BRANDON HILL**                                                                      **PLAINTIFF**
c/o The Law Office of Marvin Knorr &
Associates, 7 West 7th St.
Covington, Kentucky 41011

v.

**THE CITY OF COVINGTON**                                              **DEFENDANTS**
 c/o City Solicitor David Davidson, Esq. 20 W. Pike Street
 Covington Kentucky 41011

> **SERVE VIA CERTIFIED MAIL: RESTRICTED DELIVERY**:
> The City of Covington
> c/o City Solicitor David Davidson, Esq.
> 20 W. Pike Street, Covington Kentucky 41011

**ZACHARY STAYTON, individually and in his capacity**
**as a public official acting under color of State law,**
c/o Covington Police Department
One Police Memorial Drive Covington, Kentucky 41014

> **SERVE VIA CERTIFIED MAIL: RESTRICTED DELIVERY**:
> Zachary Stayton
> c/o Covington Police Department
> One Police Memorial Drive, Covington, KY 41014

**JOHN DOE, individually and in his capacity as a public**
**official acting under color of State Law,**
c/o Covington Police Department
One Police Memorial Drive Covington, Kentucky 41014

> **SERVE VIA CERTIFIED MAIL: RESTRICTED DELIVERY**:
> John Doe
> c/o Covington Police Department
> One Police Memorial Drive, Covington, KY 41014

---

**COMPLAINT WITH JURY DEMAND**

---

COMES NOW, Plaintiff Brandon Hill ("Plaintiff Hill"), by and through counsel, and for his Complaint and Jury Demand against Defendants Zachary Stayton ("Defendant Stayton"), John Doe (unknown Covington Police officer) ("Defendant Doe"), and the City of Covington, Kentucky ("Defendant Covington") alleges as follows:

## NATURE OF THE CASE

1. Plaintiff initiates this civil action under 42 U.S.C. §1983.

2. This civil action resulted from the physical assault of Brandon Hill by the Defendant Stayton and Defendant Doe.

3. In physically assaulting Plaintiff Hill, Defendant Stayton and Defendant Doe deprived Plaintiff Hill of his rights, privileges, and immunities arising under the United States Constitution, federal law, and laws of the United States.

4. Defendant Stayton assaulted Plaintiff Hill individually and in his capacity as a police officer and public official acting under color of State law.

5. Defendant Doe assaulted Plaintiff Hill individually and in his capacity as a police officer and public official acting under color of State law.

6. Plaintiff Hill alleges that Defendant Stayton (a) retaliated against him for exercising his First Amendment rights; used excessive force against him, and (c) deprived him of his procedural and substantive due process rights protected by the Fifth and Fourteenth Amendments to the United States Constitution.

7. Plaintiff Hill alleges that Defendant Doe (a) retaliated against him for exercising his First Amendment rights; used excessive force against him, and (c) deprived him of his procedural and substantive due process rights protected by the Fifth and Fourteenth Amendments to the United States Constitution.

2

8.  Plaintiff Hill also proceeds separately against Defendant Covington in its own right under Section 1983, *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658 (1978), and its progeny, for approving, adopting, ratifying, and endorsing the unlawful and unconstitutional conduct of Defendant Stayton pursuant to its policies, procedures, and customs, which were the driving force behind the acts and omissions of the facts underpinning this Complaint.

9.  Plaintiff Hill is also pursuing tort claims arising under Kentucky law against Defendant Stayton and Defendant Doe for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and assault and battery.

10. Plaintiff Hill is seeking relief in the form of compensatory damages, statutory relief, damages for emotional distress and psychological injuries, punitive damages, attorneys fees and costs, and all other relief to which he is entitled to under the law, which damages exceed the jurisdictional threshold of this Court.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

12. Plaintiff Hill, at all times relevant to this Complaint, resided in Hamilton County, Ohio.

13. Defendant Stayton, at all times relevant to this Complaint, has been a City of Covington, Kentucky police officer.

14. Defendant Stayton, on information and belief, is a resident of Kenton County, Kentucky.

15. Defendant Stayton, on information and belief, has been subject to multiple complaints for use of force, and/or other departures from the standards of conduct and procedure.

16. Defendant John Doe, at all times relevant to this Complaint, has been a City of Covington, Kentucky police officer with an unknown residence.

3

17.    By service on the City of Covington, Officer John Doe should know and understand that he is subject to the instant action, and Covington should make him so aware.

18.    Defendant Covington, at all times relevant to this Complaint, has been a home-rule class municipality located in Kenton County, Kentucky.

19.    This Court has personal jurisdiction over the Parties and subject matter jurisdiction over the controversy alleged in this Complaint under 28 U.S.C. § 1331 based on the federal question presented in 42 U.S.C. § 1983, and 28 U.S.C. § 1367(a) based on this Court's supplemental jurisdiction over Plaintiff Hill's claims arising under the laws of the Commonwealth of Kentucky as those claims all derive from a common nucleus of operative facts.

20.    The United States District Court for the Eastern District of Kentucky at Covington is the appropriate venue for this Complaint under 28 U.S.C. § 1391(b)(2) as the events giving rising to Plaintiff Hill's Complaint occurred within Kenton County, which is within this jurisdictional district.

## STATEMENT OF FACTS

21.    Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

22.    On July 17, 2025 Covington Police arrested 13 people during a demonstration on the John A. Roebling Suspension Bridge (the "Bridge").

23.    Plaintiff Hill was among those arrested.

24.    The demonstrators were marching to protest the U.S. Immigration and Customs Enforcement agency's detention of Imam Ayman Soliman.

25.    The march began after a vigil at The Banks in Cincinnati.

26.    Demonstrators marched along the south lane of the bridge.

27.    While the march was ongoing, the Covington Police Department dispatched several officers to the scene of the Bridge.

28.    Defendant Stayton was one of the officers dispatched to the scene of the Bridge.

29.    Defendant Doe was one of the officers dispatched to the scene of the Bridge.

30.    At some point, police officers of the Covington Police Department ordered the demonstrators to disperse.

31.    Specifically, officers ordered the demonstrators onto the pedestrian walkways lining the bridge and out of the roadway.

32.    Plaintiff Hill was among those ordered to disperse.

33.    In close proximity to the time that officers ordered the demonstrators to disperse, officers began making arrests.

34.    This was a peaceful demonstration.

35.    Citizens of the United States, Plaintiff Hill among them, were exercising their First Amendment Rights on the Bridge.

36.    This was a peaceful demonstration until the Covington Police Department began deploying tazers and less-lethal projectiles.

37.    Defendant Stayton can be seen approaching the demonstrators with some form of projectile gun here:



38.     Plaintiff Hill can be seen peacefully standing in the roadway here:



39.    Defendant Stayton first encountered Plaintiff Hill, relevant to this Complaint, on the

bridge in the center of the roadway, which can be seen here:



40.    Defendant Stayton can been seen striking Plaintiff Hill here as Defendant Doe unlawfully restrains Plaintiff Hill in such a manner as to deliberately or wantonly cause Plaintiff Hill injury and aid Defendant Stayton's assault:



41.    Defendant Stayton can be seen continuing to strike Plaintiff Hill here as Defendant Doe also restrains Plaintiff Hill in such a manner as to intentionally or wantonly cause injury to Plaintiff Hill and to further enable Defendant Stayton's assault:



42.    Other angles show the similar brutality of Defendant Stayton attacking Plaintiff Hill:



43.    Defendant Stayton can be seen repeatedly smashing his fist into Plaintiff Hill's head, which was, at times, pinned against concrete and steel by aid of Defendant Doe:



44.    At no point did Plaintiff Hill resist arrest.

45.    As a result of the attack, Plaintiff Hill was left bruised and battered, as seen here:



10

46. Plaintiff's Hills injuries, caused by Defendant Stayton were to all sides of his head, as seen here:



47. These injuries caused Hill swelling and substantial pain, making it difficult to open his mouth and operate his jaw.

48. Simply eating a meal was difficult and caused pain.

49. Plaintiff's Hill's injuries, caused by Defendant Stayton and Defendant Doe, also required the use of a sling:



50.    Plaintiff Hill was also injured on his leg where Defendant Stayton shot him with

pepperballs as seen here:



51.    The actions of Defendants caused Hill to seek medical treatment, on a prolonged and

continuing basis.

52.    Hill's injuries include, but are not limited to, numerous contusions, swelling, and an injury to his arm that significantly limited his mobility in the weeks following the assault.

53.    These injuries resulted in Hill both missing work (approximately six weeks) and being assigned to "light duty" by his employer upon his return.

54.    Hill required months of physical therapy to return to physical health, including exercises to resolve the impairments to his mobility and cognition caused by Defendants.

55.    Defendants' conduct also caused Hill extreme mental anguish and trauma, for which he persistently has received care since the assault.

56.    Hill had trouble concentrating and with memory recall for months following the assault. It still causes him significant anxiety, especially as it relates to going out in public and in interactions with others.

57.    Defendant Covington held a press conference in which they labeled Plaintiff Hill as a "suspect resisting arrest:"



58.    At all times relevant to this Complaint, Defendant Stayton and Defendant Doe were

employees, agents, or representatives of Defendant Covington.

59. Under Section 1983, State actors are prohibited from violating the civil rights of others.

60. Section 1983 states, in relevant part, that: "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or caused to be subjected, any citizen of the United States or other person within the jurisdiction there to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

61. Defendant Stayton is a "person" within the meaning of Section 1983.

62. Defendant Doe is a "person" within the meaning of Section 1983.

**COUNT ONE: 42 U.S.C. SECTION 1983: EXCESSIVE FORCE (DEFENDANT STAYTON AND DEFENDANT DOE)**

63. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

64. Defendant Stayton knowingly, intentionally, wantonly, and maliciously used objectively unreasonable force against Plaintiff Hill in effectuating the arrest of Mr. Hill.

65. Defendant Doe knowingly, intentionally, wantonly, and maliciously used objectively unreasonable force against Plaintiff Hill in effectuating the arrest of Mr. Hill.

66. Defendant Stayton's conduct, as described in this Complaint, amounts to a violation of Plaintiff Hill's clearly established constitutional right to be free from excessive force under the Fourth and Fourteenth Amendments.

67. Defendant Doe's conduct, as described in this Complaint, amounts to a violation of Plaintiff Hill's clearly established constitutional right to be free from excessive force

14

under the Fourth and Fourteenth Amendments.

68. Defendant Stayton's conduct further deprived Plaintiff Hill of his rights under federal law and the laws of the United States.

69. Defendant Doe's conduct further deprived Plaintiff Hill of his rights under federal law and the laws of the United States.

70. As a direct and proximate result of Defendant Stayton and Defendant Doe's actions, Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

## COUNT TWO: RETALIATION, VIOLATIONS OF THE FIRST AMENDMENT (DEFENDANT STAYTON)

71. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

72. Plaintiff Hill was engaged in constitutionally protected activity at the time of his arrest: a protest in public streets.

73. Defendant Stayton, with intent to suppress such speech, arrested Plaintiff Hill and was heard to say, on information and belief, when asked what the difference between Covington Police Department's response and Cincinnati police's non-response to the protest, was that, "we don't f*** around."

74. Defendant Stayton was attacking protestors, even those in the process of complying with the disbursement order, with a zeal motivated by his desire to suppress Plaintiff Hill's protected speech.

75. Defendant Doe aided Defendant Stayton in this sis suppression of Plaintiff Hill's protected speech.

76. As a direct and proximate result of Defendant Stayton and Defendant Doe's actions,

15

Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

### COUNT THREE: DEPRIVATION OF PROCEDURAL AND SUBSTANTIVE DUE PROECESS UNDER FIFTH AND FOURTEENTH AMENDMENTS (DEFENDANT STAYTON AND DEFENDANT DOE)

77. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

78. Under the Fifth and Fourteenth Amendments, Plaintiff Hill shall not be deprived of life, liberty, or property, without due process of law."

79. As described in this Complaint, Defendant's Doe and Stayton deprived Plaintiff Hill of his protected interest in his bodily autonomy and right to be free from bodily restraint without affording him adequate procedural rights and protections before doing so, and in a manner that would shock the conscience, and in no way is rationally related ot advancing any legitimate state interest.

80. As a direct and proximate result of Defendant Stayton and Defendant Doe's actions, Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

### COUNT FOUR: "*MONELL* LIABILITY" (DEFENDANT COVINGTON)

81. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

82. Defendant Covington is liable in its own right under Section 1983 and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) and its progeny for Defendant Stayton's actions giving rise to this Complaint.

83. The driving and motivating acts and omissions of Defendant Stayton in causing Plaintiff

Hill's injuries, in their capacities as police officers and public officials acting under color of State law, was the execution of Defendant Covington's policies, procedures, and customs.

84. This is the case whether or not Defendant Covington's policies, procedures, and custom are directly or indirectly derived from the official acts and edicts of lawmakers and officials and/or formal approval through Defendant Covington's official decision-making channels.

85. Defendant Covington had a custom, policy, or deliberate indifference to a clear pattern of misconduct by Defendant Stayton.

86. That is, Defendant Covington is also liable in its own right under Section 1983, *Monell* and its progeny because the officially executed policies, procedures, and customs of the Covington Police Department, and/or its tolerance of the same lead to, caused, and resulted in the deprivation of Plaintiff Hill's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments as alleged in this Complaint and secured by federal law, and the laws of the United States, due to the inaction of Defendant Covington.

87. But for the acts and omissions of Defendant Covington through its officials in the Covington Police Department who had final decision-making authority, as a matter of policy or custom, Defendant Covington has tolerated, endorsed, accepted, ratified, approved of, and acquiesced to the violations of Plaintiff Hill's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, as secured by federal law and the laws of the United States, without limitation in their negligent or deliberately indifferent:

a. Hiring and retaining of Defendant Stayton;
b. Failure to property train Defendant Stayton;
c. Failure to properly supervise Defendant Stayton; and

d.    Failure to discipline and correct the unlawful acts and omissions of Defendant Stayton.

88.    As described in this Complaint, Defendant Covington also ratified, approved of, supported, endorsed, adopted, and acquiesced to Defendant Stayton's unlawful and unconstitutional acts and omissions by promoting him and allowing him to return to the police force.

89.    But for Defendant Covington's approval, adoption, toleration, ratification, endorsement, and acquiescence to the unlawful and unconstitutional conduct of Defendant Stayton, as described in this Complaint, as a matter of custom, policy, and procedure, which was the driving and motivating force behind the same, Plaintiff Hill would not have bee subject to the deprivation of his First, Fourth, Fifth, and Fourteenth Amendment Rights as secured by federal law and the laws of the United States.

90.    As a direct and proximate result of the Defendant Covington's actions as described above, Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

**COUNT FIVE: CONSPIRACY TO VIOLATE CIVIL RIGHTS, VIOLATION OF 42 U.S.C. § 1985(3) (DEFENDANT STAYTON AND DEFENDANT DOE)**

91.    Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

92.    As described in this Complaint, and at all relevant times to the same, Officers Stayton and John Doe directly or indirectly combined, conspired, and coordinated by force, intimidation, or threat to deprive Hill of his rights arising under the United States Constitution, and the equal protection of the laws, privileges, and immunities, secured by federal law and the laws of the United States in violation of 42 U.S.C. § 1985(3).

18

93. As a direct and proximate result of their violations of 42 U.S.C. § 1985 (3), Officers Stayton and John Doe have caused Plaintiff compensable injuries, harm, and damages in excess of the jurisdictional threshold of this Court to be determined by the trier of fact.

**COUNT SIX: INTENTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT STAYTON AND DEFENDANT DOE)**

94. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

95. As set out in this Complaint, Defendant Stayton engaged in intentional and/or reckless conduct towards Plaintiff Hill.

96. As set out in this Complaint, Defendant Doe engaged in intentional and/or reckless conduct towards Plaintiff Hill

97. Defendant Stayton and Defendant Doe's conduct was outrageous and intolerable in that it offenses against the generally accepted standards of decency and morality

98. As a result of Defendant Stayton's conduct, Plaintiff Hill suffered severe emotional distress.

99. As a result of Defendant Doe's conduct, Plaintiff Hill suffered severe emotional distress.

100. Defendant Stayton and Defendant Doe were the direct and proximate cause of Plaintiff Hill's severe emotional distress and Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

**COUNT SEVEN: NEGLIGENCE (DEFENDANT STAYTON AND DEFENDANT DOE)**

101. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein

102. Defendants Stayton and Doe owed Plaintiff Hill a duty of care when arresting him. Though these were discretionary acts, Defendants Stayton and Doe in arresting Plaintiff

Hill were so grossly negligent as to demonstrate a substantial lack of concern for injuring Plaintiff Hill.

103.    As a direct and proximate result of Defendant Stayton and Defendant Doe's actions, Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

## COUNT EIGHT: IN THE ALTERNATIVE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT STAYTON)

104.    Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein.

105.    Defendants Stayton and Doe owed Plaintiff Hill a duty of care when arresting him. Though these were discretionary acts, Defendants Stayton and Doe in arresting Plaintiff Hill were so grossly negligent as to demonstrate a substantial lack of concern for injuring Plaintiff Hill.

106.    As a direct and proximate result of Defendant Stayton and Defendant Doe's actions, Plaintiff Hill has suffered emotional distress.

107.    Plaintiff Hill's distress is medically significant and greater than a reasonable person could be expected to endure.

108.    As a direct and proximate result of Defendant Stayton and Defendant Doe's actions, Plaintiff Hill has suffered compensable injuries, harm, and damages in an amount to be determined by the evidence at trial.

## COUNT NINE: ASSAULT AND BATTERY (DEFENDANT STAYTON AND DEFENDANT DOE)

109.    Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein

110.    Defendant Stayton's conduct as described above constituted a tort of assault and battery

20

in violation of Plaintiff Hill's rights as secured by the common law of the Commonwealth of Kentucky.

111. Defendant Doe's conduct as described above constituted a tort of assault and battery in violation of Plaintiff Hill's rights as secured by the common law of the Commonwealth of Kentucky.

112. Defendant Stayton's conduct was the direct and proximate cause of Plaintiff's injuries as described above, all to Plaintiff Hill's damage in an amount to be determined by the evidence at trial

113. Defendant Doe's conduct was the direct and proximate cause of Plaintiff's injuries as described above, all to Plaintiff Hill's damage in an amount to be determined by the evidence at trial.

### COUNT TEN: PUNITIVE DAMAGES (DEFENDANT STAYTON AND DEFENDANT DOE)

114. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein

115. The conduct, actions, and/or inactions of the Defendant Stayton and Defendant Doe as described above were malicious, and amount to gross, willful, intentional, and/or reckless conduct, and occurred in wanton, reckless disregard and with deliberate indifference to the rights of Plaintiff Hill entitling Plaintiff Hill to an award of punitive damages, as both punishment and discouragement from engaging in similar conduct in the future, in an amount to be awarded by the trier of fact.

### COUNT ELEVEN: ATTORNEYS FEES

116. Plaintiff Hill incorporates by reference each of the foregoing allegations as if fully restated herein

117.    Plaintiff Hill has incurred and will incur attorney's fees in vindicating his civil rights.

118.    Plaintiff Hill anticipates incurring expert fees to vindicate his rights.

119.    Plaintiff Hill requests these fees be awarded.

## JURY DEMAND

Plaintiff Hill demands trial by jury on all counts.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

    a.  That Plaintiff be awarded compensatory damages against Defendants in an amount to be determined at trial;

    b.  That Plaintiff be awarded punitive damages against Defendants Stayton and Doe in an amount to be determined at trial;

    c.  That Plaintiff be awarded reasonable attorney's fees pursuant to 42 U.S.C. 1988;

    d.  For a Trial by Jury; and

    e.  Any other relief to which Plaintiff may be entitled.

THE LAW OFFICE OF MARVIN KNORR
& ASSOCIATES,

By:

/s/ Marvin Knorr
Marvin Knorr (KY 96241) (OH 0104296)
7 West 7th St.
Covington, KY 41011
P. 859.992.6405
E. marvin@marvinknorrlaw.com

/s/ Jeffrey A. Lawson
JEFFREY A. LAWSON Of Counsel Law
7 West 7th St.
Covington, KY 41011
P. 859.628.1532
E. jeff@marvinknorrlaw.com

22

## **NOTICE TO CLERK**

Service to be made by Certified Mail, returnable according to law, at the address set forth on page one (1) of this Complaint.